[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Review of the File
This matter first came to the court by way of summons and complaint, which complaint was dated December 22, 1997 and returnable February 3, 1998, in which complaint the plaintiff petitioner sought a dissolution of the marriage, a fair division of property and debts, alimony, child support and sole custody. Attached to the complaint when returned to the court was a certification by the plaintiff's attorney, M. John Strafaci, certifying a copy of the complaint was mailed postage pre-paid on December 22, 1997 to all counsel of record as follows: the name of the defendant thereafter appears Douglas M. Pervine, USS Salt Lake City, SSN 716-41C21023, FPO AP, San Diego, California. The notice as to the usual preliminary orders was attached to the complaint. Also attached to the complaint was a notice from the deputy sheriff involved in sending the process to the defendant in San Diego, California.
On January 14 1998 the defendant appeared by counsel.
On February 10, 1998 defendant's counsel filed with the court a motion to dismiss claiming lack of jurisdictional subject matter, lack of jurisdiction over the person and forum non convenience. A memorandum of law filed February 10th accompanied the motion. In the defendant's conclusion in the memorandum of law the defendant's counsel requests that this court stay the Connecticut divorce proceedings pending the final CT Page 3996 resolution of an action between the same parties presently pending in the State of Utah.
On February 10, 1998 an application for an expedited hearing was filed by defendant's counsel to which was attached an order for hearing and notice.
On February 10, 1998 the defendant's counsel filed a motion for visitation and child support pendente lite in which motion the defendant asked for a determination of rights and visitation and requested that he be allowed to pay child support in accordance with the Connecticut Child Support Guidelines.
On February 17, 1998 a motion for stay pendente lite was filed by the defendant's counsel. It does not appear that that motion was acted upon.
On March 4, 1998 the file contains a certificate indicating that the plaintiff petitioner had satisfactorily completed the parenting education program.
On May 4, 1998 there was filed with the court a document entitled "Agreement", which is set forth verbatim herewith.
 "1. Whereas there is currently pending before the court in the State of Utah a case filed by the defendant for a dissolution of marriage.
 2. Whereas the parties agree that Connecticut is the appropriate forum to decide issues of child custody visitation and support.
 3. The parties agree that said action in the State of Utah shall go forward regarding only those issues regarding dissolution and property settlement. The above case in this court shall decide all issues regarding child custody, visitation, support, etc., and other matters regarding the parties' children."
The agreement is dated May 4, 1998 and signed by both counsel of record and the terms and conditions of this agreement were accepted by the court, Solomon, J.
On April 29, 1999 the defendant filed a motion for custody pendente lite in which motion the defendant requested that he be granted temporary custody of the minor child pending further order of the court.
CT Page 3997
This motion was the subject of an agreement dated May 17, 1999 which was accepted and orders entered incident thereto by the court, Solomon, J.
This agreement provided that the defendant should have visitation with the minor child for a period of seven weeks during the summer of 1999 out of the State of Connecticut. The defendant was to provide certain advance notice, provide for the safe escort for the child and pay the costs incident thereto and matters of like nature.
On May 28, 1999 new counsel appeared for the plaintiff.
On June 10, 1999 the pending petition was stricken to the limited list per order of the court, Solomon, J.
On March 3, 2000 the defendant filed a motion for custody pendente lite indicating that an investigation by the Department of Child and Families had been completed and returned to the court and requesting a hearing thereon.
On March 20, 2000 an attorney for the minor child was appointed in the person of Attorney Kristen Mansfield per order of the court, Kenefick, J.
On March 20, 2000 Attorney Kristen Mansfield filed an appearance with the court on behalf of the minor child.
On April 4, 2000 the court entered an order referring the matter to Family Relations for evaluation as to custody and visitation.
On April 3, 2000 the attorney for the minor child filed a motion for counsel fees which in due course was allowed and approved by the court, Dyer, J., on May 15, 2000.
On May 8, 2000 the defendant filed a motion for summer visitation pendente lite which resulted in the acceptance of an agreement dated April 18, 2000 and approved by the court, Dyer, J.
On March 13, 2001 the plaintiff Anna-Luan Pervine appeared before the court with her attorney. Counsel for the defendant, Douglas Pervine, appeared but the defendant did not personally appear. The attorney for the minor child earlier appointed by the court appeared and the matter was heard to a conclusion as concerns those issues presented to the court which were not acted upon by the Second Judicial Court in the State of Utah, and reserved to Connecticut. The matter was heard to a conclusion.
The court makes the following findings of fact:
CT Page 3998
In the first instance the court was presented with a certified copy of the decree of the court for the Second Judicial District in the State of Utah and all counsel requested this court to accept the same and were in accord that the decree presented here in this court was submitted with their approval and acceptance.
This court sets forth herewith said decree which was filed in the Clerk's Office, Davis County, Utah on March 12, 1999.
___________________________________________________________________________ IN THE SECOND JUDICIAL DISTRICT COURT, STATE OF UTAH DAVIS COUNTY, FARMINGTON DEPARTMENT ___________________________________________________________________________ DOUGLAS M. PERVINE, ) DECREE OF DIVORCE Petitioner, ) vs. ) ANNA-LUAN PERVINE, ) Judge: Memmott Respondent. ) Civil No. 964701777DA ___________________________________________________________________________
The above-entitled matter having come on regularly for default before the above-entitled Court. Petitioner having executed an Affidavit in Support of Decree and all necessary pleadings having been filed, and the parties having entered into a Stipulation and Property Settlement Agreement; and the Court being fully advised in the premises, and the Court having signed its Findings of Fact and Conclusions of Law, NOW THEREFORE,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, to wit:
1. That Petitioner is hereby awarded a Decree of Divorce from the Respondent on the grounds of irreconcilable differences; the same to become final upon entry.
2. Each party is hereby awarded the household furniture, furnishings, personal property, and personal effects within their possession and control, and neither party makes any claim for any additional personal property. Each party is awarded the motor vehicle in their possession, subject to any lien thereon.
3. The parties acknowledge that they have not acquired any real property during the course of the marriage nor have either acquired any since their separation.
CT Page 3999
4. There is specifically reserved for disposition in proceedings before the Superior Court for the state of Connecticut, Docket No. FA-98-0545251, the issue of payment of and responsibility for the Sears indebtedness and a personal loan and whether the same are marital debts. Both parties are hereby ordered to pay the debts they are presently paying and further acknowledge the parties have been separated for a period of three (3) years.
5. The parties acknowledge there is pending in the State of Connecticut a divorce and domestic relations action, Docket No. FA-98-0545251. Anna-Luan Pervine vs. Douglas Pervine. The parties specifically reserve for disposition in those proceedings in the Superior Court for the State of Connecticut the following issues: marital debts, custody of the parties' minor child, Amanda Nichole Pervine, born March 27, 1993; visitation rights with the minor child; child support; alimony; and any other matters relating to the parties' child.
6. Petitioner, Douglas M. Pervine, is enlisted in the United States Navy, date of enlistment, July 24, 1986. The parties were married on May 17, 1988. Respondent, Anna-Luan Pervine, is awarded a one-half interest in Petitioner's military retirement earned during the parties' marriage pursuant to the Woodward formula adopted by the State of Utah which is more specifically set forth as follows:
 Number of years Petitioner, Douglas M. Pervine, and Respondent, Anna-Luan Pervine, were married while Petitioner was enlisted in the United States Navy
 X Monthly Military Retirement Annuity X Total of number of years Petitioner, Douglas M. Pervine, credited with military retirement
DATED this 8th day of March, 1999.
 _______________/S/____________ JON MEMMOTT District Court Judge APPROVED AS TO FORM:
________/S/________
 JAMES K. GILLAND Attorney for Respondent
CT Page 4000
The plaintiff and the defendant were joined in marriage on May 17, 1988 in Clearfield, Utah.
The complaint filed in this jurisdiction indicated that there was one minor child issue of the relationship whose name is Amanda Nichole Pervine born March 27, 1993.
The complaint filed in this court indicated that there was no financial support received from the State of Connecticut and the prayer for relief was as earlier recited.
The court finds that it has jurisdiction for those issues that were specifically retained and reserved to this court at the time that the decree in Utah was heard and entered.
The court finds that the agreement of May 4, 1998 allowing the parties to proceed and recognizing Connecticut as the appropriate forum to decide issues of child custody, visitation and support is dispositive as concerns the defendant's motion to dismiss of February 10, 1998.
The plaintiff and the defendant according to the testimony of the plaintiff separated one from the other on August 2, 1996.
The plaintiff's education apparently extended through completing high school; however, the plaintiff has had and received further training as a medical technician while in the United States Navy.
The plaintiff was honorably discharged from the United States Navy on September 29, 1995.
According to the testimony of the plaintiff which was uncontroverted mindful of the fact that the defendant husband did not appear, the defendant abandoned the plaintiff and the child on August 2, 1996.
According to the testimony the defendant told the plaintiff on August 2, 1996 that the plaintiff and the child were a burden to him and he left them to their own devices.
At one point after the separation, the plaintiff was required to secure a loan from Beneficial Finance in the amount of $4,000.00 in order to pay current debts, obligations and rent.
After being discharged from the Navy the plaintiff worked for National Maintenance which was a position at the Naval Submarine Base.
According to the testimony of the plaintiff the defendant incurred a CT Page 4001 phone bill in the amount of approximately $1,500.00 talking to "a friend" in California.
The plaintiff has worked at Foxwoods as an attendant. Her hourly rate being $8.65 plus tips.
As concerns the state of the plaintiff's present health, her testimony was to the effect that she has a herniated cervical disc. She has injuries to her left shoulder due to an accident.
The plaintiff is endeavoring to further her education pursuant to the provisions of the GI Educational Bill.
Because of the nature of her injuries in the recent accident, the plaintiff experiences difficulty in standing for a long period of time or in matters of repetitive motion.
The plaintiff's quest for higher education has just recently started and she has a long way to go in that respect.
The plaintiff's testimony was to the effect that the minor child Amanda has a mental disorder classified as severe anxiety and separation disorder. The child takes prescriptions for her medical well being including Remeron and Busspar.
The child apparently because of the separation of the parties has experienced difficulty in regularly attending school. The testimony was to the effect that the child feels abandoned by the defendant father and in some instances the child develops a combative type of conduct.
The defendant now resides in the San Diego, California area.
During the pendency of this petition he apparently twice visited naval training facilities in Connecticut.
In the summer of 2000 the minor child went to San Diego to visit with the father. While there, according to the testimony, the defendant objected to the regimen of medication that the child was on and withheld it from the child.
The plaintiff's representations are to the effect that the defendant has not contributed to the child's education and medical problems and the plaintiff requests by virtue of the present state of affairs sole custody of the minor child.
The plaintiff indicated being agreeable to the child visiting with the CT Page 4002 defendant for a period of six weeks in the summer as long as suitable transportation costs and the accompanying of a responsible person with the child could be arranged.
The plaintiff was agreeable to holiday visitation with the child as the parties might agree.
The plaintiff hopes in the not too distant future to remove herself to the State of Utah where she has family.
At the present time according to the testimony, the defendant has been paying $700.00 a month in support or approximately $163.00 a week.
The plaintiff in her testimony made a request for periodic alimony in the amount of $25.00 a week.
The plaintiff requests that the court direct the defendant to keep the child covered for health and medical benefits and that an apportionment as to anything that is uncovered should be the responsibility of the father 64% and the mother 36%.
As concerns certain financial obligations outstanding due and owing, the plaintiff's request is to the effect that the defendant pay a certain bill to Sears in the approximate amount of $1,400.00.
In addition, the plaintiff requests that the defendant be responsible for the Beneficial loan that she was required to take out in the approximate amount of $4,000.00.
The plaintiff indicated that she accepts as her sole responsibility a certain obligation to Lawrence and Memorial Hospital in the amount of $700.00.
The plaintiff requests that she be entitled to claim the child as an exemption for tax purposes.
During the hearing counsel for the defendant as noted appeared and indicated to the court that the defendant personally had been notified as to the nature of the proceedings in Connecticut but had declined to appear.
The last joint tax return filed by the plaintiff and the defendant was in 1995.
In subsequent years the plaintiff apparently has claimed the child as an exemption. CT Page 4003
The plaintiff has not as yet filed an income tax return for the year 2000.
According to her testimony the plaintiff earned approximately $5,000.00 during the summer period when the child was with the defendant in California.
The plaintiff is now in school on a full-time basis.
The plaintiff started embarking on this educational sojourn in the year 2000.
In the early part of the separation between the parties; to wit, October, November and December of 1996, the plaintiff received nothing by way of support from the defendant.
The earlier noted debt to Sears was incurred by virtue of the plaintiff making clothing purchases for the child.
The plaintiff testified that the defendant in addition to his naval service is a ham radio operator and that he spent funds on his hobby rather than ministering to the needs of the family.
The plaintiff now resides alone with the child. Her rent is paid pursuant to a Section 8 HUD voucher because of her financial status.
At Christmastime in the year 2000 the child spent three days with the defendant.
The testimony by the plaintiff was to the effect that the defendant, mindful of the Utah decree, has already remarried and his new wife, whose first name is Em, has created some communication problems incident to discussions between the plaintiff and the defendant pertaining to the child's welfare.
As noted, the plaintiff recently was involved in an automobile accident. She has retained counsel. The litigation is in process. Her testimony was to the effect that she had in the near term past rejected an offer of settlement in the amounts of between $16,000.00 and $17,000.00. The car that she had at the time of the accident has been repaired. It was not totaled.
The plaintiff's testimony was to the effect that once she starts full-time employment after completing her educational venture that she would no longer be eligible for Section 8 HUD benefits and would have to CT Page 4004 pay market prices for rent and shelter.
The plaintiff's age is 31. As earlier noted, she did receive training in the Navy as a medical technician. Her classification prior to discharge was that of E-4, a third class petty officer.
The plaintiff served in the Navy for 7-1/2 years. Her subsequent employment at National Maintenance was at the Groton Submarine Base and the Naval Hospital.
The plaintiff testified that the defendant had several lady friends before embarking on the marriage to his present wife, whose first name is Erin.
The plaintiff has also acted as a dispatcher at Foxwoods Casino and contrary to the Family Relations report which the court will touch on in due course, the plaintiff professes that there was never any agreement as concerns joint custody of the minor child.
The accident earlier adverted to in which the plaintiff was involved occurred on October 21, 1997.
According to the testimony the defendant is age 32. He is in reasonably good health. He has been in the Navy for 15-1/2 years. His present rating is that of ET-1 or E-6. He is a first class petty officer in the radio electrical category.
The plaintiff receives $150.00 a week incident to benefits available to her by virtue of her naval service under the GI Bill.
The plaintiff made no claim for any arrearage.
In July of 1996 the plaintiff and the child were required to leave military housing and that created some problems for her.
From the financial affidavits filed with the court, the court finds:
That the plaintiff's present occupation is that of a student. She receives under the GI Bill $150.00 a week plus support for the minor child Amanda in the amount of $163.00 a week for a total of $313.00. Her total expenses amount to $332.75. Her financial affidavit of course reflects that her shelter is being provided under Section 8 of HUD and once she is not eligible for that her weekly expenses would dramatically increase.
The plaintiff's financial affidavit as to debts reflects a debt to CT Page 4005 Sears in the amount of $1,400.00; Beneficial Finance, $4,000.00; Lawrence and Memorial Hospital, $750.00.
The plaintiff owns no real estate.
The plaintiff shows ownership of a 1995 Saturn automobile valued at $2,000.00 free and clear; personal property in the amount of $500.00. Nothing in the bank. Total assets, $2,500.00.
The financial affidavit submitted by defendant's counsel on behalf of the defendant shows gross weekly wage from the service of $622.00; deductions for taxes, FICA, dental, $107.00 for a net of $515.00.
Additionally there is shown a figure entitled BAH, which the court interprets as meaning Base Housing Benefits, $194.00 for a total of $709.00. Total weekly expenses, $531.00.
The defendant shows debts of America First Visa, $475.00; America First CU loan, $380.00; Sears, $830.00.
No real estate shown.
The defendant shows a 1999 Dodge truck valued at $19,000.00 with a loan balance of $19,500.00.
No other assets of any nature are reflected on the return.
 Discussion
The plaintiff and the defendant were divorced one from the other pursuant to a decree of divorce and dissolution secured in the State of Utah on March 8, 1999.
As noted, the parties were initially joined in marriage on May 17, 1988 and so the marriage was of approximately 11 years duration. One child issue of this marital union, Amanda Nichole Pervine, born March 27, 1993 so that the child now is age 8.
The plaintiff was formerly a serving member of the United States Navy but was subsequently honorably discharged from the service.
The defendant is still a serving rating in the United States Navy presently stationed in the San Diego, California area.
As noted, the plaintiff's education extended through high school and the training that she received as a medical technician or hospital CT Page 4006 corpsman in the service. The plaintiff is now a student trying to secure a bachelor's degree.
It would appear from the testimony, which admittedly is one-sided, mindful of the fact that the defendant did not appear, that the defendant abandoned the plaintiff and the child some time ago.
There have been, as noted, financial problems. There was a period of time that the plaintiff was not receiving support payments.
The plaintiff, since leaving the service, has been employed at a medical facility in Groton related to the Navy and at Foxwoods. As noted, the plaintiff has medical problems which may aggravate her physical well being in the future.
The child Amanda has emotional and possibly medical problems as noted in the findings of fact.
There has been some visitation in the last year whereby the child went to California to visit with the defendant.
Debts have been a problem for the plaintiff.
As noted, the defendant has already remarried in California and resides there with his new wife.
Also as noted, the plaintiff was involved some time ago in a motor vehicle accident which has not been resolved and the amount that the plaintiff may receive incident to that negligence action is at the moment a matter of conjecture.
The plaintiff is age 31.
The defendant is age 32.
The court is mindful of the fact that it was presented with a report from the Family Relations Division of the Superior Court and the court has carefully read the summary and recommendations contained therein authored by a Family Relations Counselor.
These reports being of a privileged nature, the court does not set forth the content thereof, but as indicated, has taken the content of the report into consideration with regard to the orders subsequently entered.
 The Law
CT Page 4007
The court has considered all of the statutes which apply in matters of this nature which include without limitation Connecticut General Statutes (C.G.S.) § 46b-82 regarding alimony, § 46b-62 regarding attorney's fees and §§ 46b-55, 46b-83 and 46b-84 as concerns support.
The court has considered all of the applicable case law that govern the matter.
The court has considered the testimony of the plaintiff, her candor or lack thereof, and all exhibits and the arguments of counsel.
In considering the issue of alimony, the court has considered the length of the marriage, the cause of the breakdown and dissolution, the age, health, station, occupation and employability of each of the parties and the estate and needs of the parties.
The court has considered the standards of living of the parties.
As concerns the minor child Amanda, the court has considered the child's age, the medical and emotional problems with which she is apparently beset and the need for special care, help, guidance and instruction in years to come.
The court has considered the relationship between the defendant and the child, the length and intimacy or lack thereof as concerns that association and the problems that beset the child generally.
The court has considered the respective financial positions of the plaintiff and the defendant, their prospects for future income and opportunity.
The court has considered the issue of fault.
The Court enters the following orders.
Custody of the minor child Amanda Nichole Pervine is awarded to the plaintiff petitioner Anna-Luan Pervine.
The court grants the plaintiff mother sole custody of the minor child mindful of the situation that has existed since the separation of the parties, the distance presently between the parties mindful of their geographic locations and the remarriage of the defendant.
The defendant may have reasonable fights of visitation with the minor child, which shall include six weeks during the minor child's summer CT Page 4008 vacation. This visitation to be scheduled at least two months prior to the date that the defendant intends to exercise his visitation; Christmas and other holidays to be alternated and at such other times as the parties may amicably agree.
With respect to the visitation, mindful of the defendant's location which takes place in California, the defendant must accompany the minor child during all travel, to and from California, or in the alternative, a mature, responsible adult and the costs of transporting the minor child shall be the obligation of the defendant father.
The defendant shall provide medical and dental coverage for the minor child as available to him through his military status. Anything that should not be covered as to medical or dental expenses shall be apportioned on the following basis: 64% of the uncovered items to the defendant father, 36% to the plaintiff mother.
The support for the minor child shall be in the amount of $165.00 a week; this in conformity with the outstanding, in-place military allotment which has been resorted to and is presently in full force and effect.
In the event for any reason that the defendant should leave the military service, the order of support shall enter mindful of the provisions of C.G.S. § 52-362 as concerns income withholding as to support.
The court grants periodic alimony to the plaintiff petitioner in the amount of $35.00 a week. This for a period of four years. The same may be modifiable as to amount but not as to term. This should allow the plaintiff to complete in an orderly fashion the course in which she has presently embarked to secure a college degree.
The defendant shall be responsible for the debt incurred to Sears in the amount of approximately $1,400.00 and liquidate the same in an orderly fashion and hold the plaintiff harmless in the event that she is required to pay the same.
The defendant shall be responsible for the debt incurred to Beneficial Finance in the approximate amount of $4,000.00 and hold the plaintiff harmless in the event that the plaintiff should be required to pay said sum.
The plaintiff shall be solely responsible for the debt to Lawrence and Memorial Hospital as shown on her financial affidavit.
CT Page 4009
Pension benefits have already been the subject of an order by the court in the State of Utah.
There has been no request of the court for restoration of former or maiden name on behalf of the plaintiff.
Each party shall be responsible for any attorney's fees incurred in the proceedings.
The marital union itself having already been dissolved by the Utah decree, the court sees no necessity for any orders other than those set forth above.
Austin, JTR